UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

at Huntington

**DAWN DENISE McCOMAS,**
**Executrix of the Estate of**
**BILLIE PLYMALE,**

      **Plaintiff,**

v.                                              **CIVIL ACTION NO. 3:13-cv-14953**

**KIRT THOMAS MILLER, D.P.M.,**

      **Defendant.**

# COMPLAINT

    COMES NOW the plaintiff herein, Dawn Denise McComas, Executrix of the Estate of Billie Plymale, and for her cause of action against Kirt Thomas Miller, D.P.M. alleges the following:

**PREFACE TO COMPLAINT**

    Pursuant to the provisions of the *West Virginia Medical Professional Liability Act*, W. Va. Code §77-7B-1 *et seq.*, plaintiff has served, by certified mail, a Notice of Claim against each health care provider named in this Complaint.  Accompanying that Notice of Claim were one or more Screening Certificates of Merit as are required under the *West Virginia Medical Professional Liability Act.*  No individual, corporation, company or limited partnership upon whom a Notice of Claim and Screening Certificate of Merit were served have requested or demanded pre-suit mediation.  More than thirty (30) days have elapsed since service of the Notices of Claim and Screening Certificates of Merit.

## JURISDICTION AND VENUE

1. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. The matter in controversy exceeds the sum of seventy five thousand dollars ($75,000.00), exclusive of interests and costs.

2. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 with respect to claims that form part of the same controversy.

3. Venue is based on 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions on which the claims are based occurred in this district.

## I. THE PARTIES

4. Dawn Denise McComas is, and was at all times relevant herein, a resident of Kenova, Cabell County, West Virginia, and is the duly appointed Executrix of the Estate of Billie Plymale, a copy of which appointment is attached hereto as "Exhibit A."

5. The defendant, Kirt Thomas Miller, D.P. M., (hereinafter referred to as "Dr. Miller"), is and was at all times pertinent and relevant herein a doctor of podiatric medicine, residing in Chesapeake, Ohio, practicing his specialty of podiatric medicine for Billie Plymale, in Huntington, West Virginia, as a paying patient on or about July 23, 2010, and continuing thereafter.

## II. GENERAL ALLEGATIONS

6. On or about May 9, 2011, Billie Plymale was seen in the office of the defendant, Dr. Miller for a small ulceration of the plantar area of her left foot. Dr. Miller debrided the area and prescribed a topical cream.

7. The defendant, Dr. Miller continued to treat the ulceration on Billie Plymale's left

foot during regular visits, but the lesion was "non-healing", which the defendant attributed to the "prominence of the bone", which defendant said was keeping the lesion from healing.

8. On October 19, 2011, the defendant, Dr. Miller, recommended surgery for resection of the bone of fourth metatarsal head of the left foot.

9. Billie Plymale continued to seek treatment from Dr. Miller for the non-healing ulceration on her left foot.

10. During Billie Plymale's March 1, 2012 visit with Dr. Miller, it is noted that the wound is still present and appears to be slightly worse.

11. By March 26, 2012, Billie Plymale's medical records with Dr. Miller reflect that the lesion is larger with poor signs of healing and there is now also a "few small lesions in the arch" that appear similar only not as inflamed.

12. Finally, on April 11, 2012, the defendant Dr. Miller referred her to another physician to "rule out any type of abnormal cells."

13. On April 25, 2012, a biopsy, ordered by another physician, was finally done on the lesion, which revealed that the lesion was an "ulcerated invasive malignant melanoma."

14. A biopsy of Billie Plymale's lymph nodes on July 5, 2012, confirmed the diagnosis of metastatic melanoma.

15. As a result of the delay in diagnosis and treatment caused by the negligence of the defendant, Billie Plymale suffered severe and permanent injury and ultimately died on July 24, 2013.

## MEDICAL NEGLIGENCE

16. Plaintiff incorporates by reference each and every prior and subsequent allegation of this complaint as if fully restated here.

17. The defendant acted negligently, carelessly, willfully, and wantonly, or with a reckless disregard of risk of harm to plaintiff's decedent, Billie Plymale, and was a proximate cause of injury to and ultimately the death of Billie Plymale, on July 24, 2013.

18. Said negligence, carelessness, willfulness, wantonness and reckless disregard of risk of harm includes, but is not limited to:

    a. failing to timely diagnose Billie Plymale's melanoma; and

    b. was otherwise negligent.

19. As a direct and proximate result of the negligence, carelessness, recklessness, and deviation from the appropriate standard of care of the Defendant, the plaintiff Billie Plymale suffered a delay in the diagnosis and treatment of her illness proximately causing Billie Plymale's death on July 24, 2013 from melanoma.

20. As a direct and proximate result of the negligence, carelessness, willfulness, recklessness and/or wantonness and deviation from the applicable standards of medical care of the Defendant, Plaintiff's decedent was forced to endure mental anguish, pain and suffering, loss of enjoyment of life, as aforesaid, and subsequently died, on July 24, 2013.

21. As a further direct and proximate result of the negligence, carelessness, willfulness, recklessness and/or wantonness and deviation from the applicable standards of medical care of the Defendant, as aforesaid, the Executrix of the Estate of Billie Plymale has become obligated to pay diverse and sundry expenses for medical care and attention in an amount which at this time cannot be fully ascertained.

22.     As a further direct and proximate result of the negligence, carelessness, willfulness, recklessness, and/or wantonness and deviation from the applicable standards of medical care of the defendant, as aforesaid, the Plaintiff's decedent left surviving one or more distributees; that said death has resulted in the Plaintiff, Dawn Denise McComas, Executrix of the Estate of Billie Plymale, and the family, distributees, and beneficiaries great mental pain and anguish, loss of services, society, guidance and companionship of the deceased, and has resulted in financial and pecuniary losses to all of the aforesaid.

23.     As a further direct and proximate result of the negligence, carelessness, willfulness, recklessness, and/or wantonness and deviation from the applicable standards of medical care of the defendant, as aforesaid, which resulted in the death of Plaintiff's decedent, the estate of the deceased has incurred diverse and sundry expenses for funeral and burial costs.

## PUNITIVE DAMAGES

24.     Plaintiff avers and realleges as if fully set forth herein, each and every allegation contained in paragraphs 1 through 23.

25.     In addition to being negligent, the actions of the defendant, as set forth above, were also careless, willful, wanton and with a reckless disregard to harm.  Plaintiff therefore seeks punitive damages against the Defendant.

## PRAYER

**WHEREFORE**, the plaintiff, Dawn Denise McComas, Executrix of the Estate of Billie Plymale, does hereby demand judgment of and from the Defendant in this matter for compensatory damages for economic and non-economic losses, as allowable under the Medical Professional Liability Act, for punitive damages, plus an award of prejudgment and post-

judgment costs, allowable fees, and such other relief as she may be entitled to receive.

## JURY DEMAND

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

                **DAWN DENISE McCOMAS, Executrix of
the Estate of BILLIE PLYMALE,**
By Counsel

**s/ Matthew C. Lindsay**
**Matthew C. Lindsay, J.D., M.D.**
**WV Bar No. 7896**
**Richard D. Lindsay, M.D., J.D.**
**WV Bar No. 2216**
*Tabor Lindsay & Associates*
**Post Office Box 1269**
**Charleston, West Virginia 25325**
**304/344-5155**